UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTORIA MATOS and BRUCE BULLOCK, | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 15-cv-8140 |
| Plaintiffs, | : | OPINION |
| v. | : | |
| LAUREN LAIELLI, CHRISTOPHER DODSON, VICTOR E. GUADALUPE, PAULO PEREIRA, HARRY R. ALBERT, FRANK X. BALLES, ATLANTIC COUNTY SHERIFF'S OFFICE AND ATLANTIC COUNTY, | : : : | |
| Defendants. | : | |

This matter is before the Court on motion of Defendants Lauren Laielli, Christopher Dodson, Victor E. Guadalupe, Paulo Pereira, Harry R. Albert, and Frank X. Balles for partial dismissal pursuant to Federal Rule of Civil Procedure 12(c). The Court has reviewed the submissions of the parties and decides this matter without oral argument in accordance with Federal Rule of Civil Procedure 78(b). For the reasons stated here, the motion will be granted in part and denied in part.

## Background

Plaintiffs, Victoria Matos and Bruce Bullock, were employed by the New Jersey Department of Children and Families as Family Service

Specialists. Plaintiffs allege that they were wrongfully arrested and prosecuted in connection with their November 6, 2014 work assignment of escorting a juvenile to a court hearing in the Atlantic County Courthouse.

Plaintiffs allege that upon entering the courthouse, the juvenile was confronted by a sheriff's officer, but ignored a direction from one of the officers and proceeded to enter the elevator with Bullock. At that point, multiple sheriff's deputies entered the elevator, restrained, and allegedly assaulted the juvenile. Bullock witnessed the assault, but allegedly did not interfere in any way. (Compl., ¶¶16-20.) As Matos approached the elevator, she was pushed out of the way by one of the sheriff's officers. (Compl., ¶22.) After the juvenile was taken into custody by the sheriffs, Matos complained about the way she was treated and the way the juvenile had been treated. (Compl., ¶23.)

When Bullock left the courthouse to go to his vehicle and retrieve paperwork, he was followed by several of the individual defendants and he used his phone to record their actions. This resulted in the sheriffs placing him in handcuffs and bringing him into the courthouse in their custody. (Compl., ¶¶25-26.) Defendant Albert allegedly told Bullock that he would be released and no further action would be taken if he deleted the video that he had taken. (Compl., ¶28.)

After the Defendants learned that Plaintiffs intended to file an internal affairs complaint against them, Plaintiffs allege that they collectively decided to file criminal charges against the Plaintiffs, knowing that there was no basis for those charges.  (Compl., ¶¶30-32.)  Plaintiffs were fired from their jobs based on the false allegations of the Defendants.  The charges against them proceeded to trial in the Atlantic City Municipal Court, where they were acquitted of all charges.  (Compl., ¶¶37-39.)

Although he was not involved in the original encounter with Plaintiffs, Defendant Balles is alleged to have ratified and endorsed the arrest and prosecution of the Plaintiffs for the purpose of protecting the sheriff's officers from civil liability and other consequences of their misconduct.  (Compl., ¶61.)  Further, Balles allegedly made it clear to the Plaintiffs' criminal attorneys that his office was prosecuting the Plaintiffs to protect the Atlantic County Sheriff's Office from criticism and civil liability, and that all charges could be dropped in exchange for an agreement protecting the sheriff and his officers.  (Compl., ¶36.)

## Jurisdiction

Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, as well as New Jersey state law. This Court has jurisdiction over Plaintiff's

federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## **Standard on Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 29091 (3d Cir. 1988)). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations,

unwarranted inferences, or unsupported conclusions. <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. <u>Phillips</u>, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

## **Discussion**

Defendants have argued that all claims against Sheriff Balles should be dismissed because the Complaint fails to allege sufficient facts to suggest that Sheriff Balles had personal involvement in, or knowledge of, an alleged constitutional violation; nor does the Complaint set forth any facts regarding an illegal policy of custom which Sheriff Balles allegedly created that resulted in a constitutional deprivation.  The Court disagrees.

The Complaint alleges that Defendant Balles made it clear to the Plaintiffs' criminal defense attorneys that all charges could be dropped in exchange for an agreement protecting the sheriff and his officers.  (Compl., ¶36.)  It also alleges that Balles was aware that the charges were false and, despite this awareness, conspired with Defendants to pursue the charges in order to protect his office and his employees against claims of civil liability

for their misconduct. (Compl., ¶¶41, 42.) The Complaint alleges that Balles ratified and endorsed the arrest and prosecution of Plaintiffs for the purpose of protecting the sheriff's officers from civil liability and other consequences of their misconduct. (Compl., ¶¶52 and 61.) Finally, Plaintiffs' Complaint alleges that the false arrest and malicious prosecution would not have occurred without the official endorsement of Defendant Balles. (Compl., ¶67.) The Court finds these allegations sufficient for claims against Balles in his individual capacity to survive the instant motion.[1]

Similarly, the Court finds that conspiracy has been sufficiently pled. To state a claim for civil conspiracy in New Jersey, a Plaintiff must allege:

> a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong or injury upon another, and an overt act that results in damage.

---

[1] Insofar as any claims have been asserted against Balles in his official capacity, they are dismissed as duplicative of the claims against the County. See Baez v. Lancaster County, 487 Fed. Appx. 30, 32 (3d Cir. 2012) ("The claim against Warden Gaurini in his official capacity is duplicative of the suit against the County. As a result, summary judgment was properly granted in favor of the County and Warden Guarini in his official capacity."); Kean v. Henry, 523 Fed. Appx. 879, 882 (3d Cir. 2013).

Banco Popular North America v. Gandi, 184 N.J. 161, 177, 876 A.2d 253 (2005). Thus, to state a claim for civil conspiracy, plaintiffs must allege that a defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act, and (3) one of the conspirators then took at least one overt act in furtherance of the agreement, and (4) plaintiff suffered some damage as a result.

The Complaint alleges that after they learned the Plaintiff Matos was considering filing an Internal Affairs complaint against them, Defendants Dodson, Laielli, Guadalupe and Pereira "conferred and decided to file criminal charges against the Plaintiffs. Their plan was approved by Defendant Albert." (Compl., ¶32.) In addition, Plaintiffs' Complaint alleges that all of the individual defendants including Sheriff Balles "conspired to falsely create probable cause through fabricated statements to bring about criminal charges against Ms. Matos and Mr. Bullock." (Compl., ¶1.) Further, it is alleged that Defendants participated in the fabrication of probable cause "in the hopes of protecting themselves against claims of civil liability for their misconduct in the handling of the incident . . . on November 4, 2014 at the Atlantic County Courthouse." (Compl., ¶42.) Accordingly, the Court finds that civil conspiracy has been pled adequately.

However, it appears that Plaintiffs' civil conspiracy claim, as well their common law defamation claim,[2] must be dismissed for failure to comply with the notice requirements of the New Jersey Tort Claims Act. See County Concrete Corp. v. Township of Roxbury, 442 F.3d 159, 174-75 (3d Cir. 2006) (holding that the NJTCA notice requirements apply to a civil conspiracy claim).

The NJTCA sets forth the procedures a claimant must follow before bringing a tort claim against the state, or, as is relevant here, a "local public entity." N.J. Stat. Ann. § 59:1–1 et seq. The statute defines a "local public entity" as "a public entity other than the State." § 59:8–2. The claim must include seven items: (1) name and address of the claimant, (2) the address to which the notice will be sent, (3) the "date, place and other circumstances of the occurrence or transaction" giving rise to the claim, (4) a description of the injury, damage or loss incurred, (5) the name or names of the public entity, employee or employees causing the injury, (6) the

---

[2] In New Jersey, an action for defamation requires the plaintiff to establish: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting to at least negligence by the publisher." DeAngelis v. Hill, 180 N.J. 1, 12-13 (2004). Because defamation is a tort claim, a plaintiff must comply with the notice requirements under the NJTCA. See Brown v. City of Essex County New Jersey, No. 10-3980, 2010 WL 5139880, *3 (D.N.J. Dec. 9, 2010).

amount of damages claimed, and (7) the signature of the claimant. §§ 59:8–4, 59:8–5.

A claim for injury or damages against a local public entity "shall be filed with that entity" within 90 days after the accrual of the cause of action. §§ 59:8–7, 59:8–8. A claim "may be presented to a local entity by delivering it or mailing it certified mail to the entity" and the claim "shall be deemed to have been presented in compliance with this section . . . if it is actually received at . . . [a] local public entity within the time prescribed . . . ." § 59:8–10(a)–(b). "[C]onstructive service" of the public entity can be achieved by serving the required notice "upon any employee of that entity." § 59:8–10(c). Although the statute sets a 90–day time limit to file the claim, a claimant may file the notice within two years, with permission of the court and if late notice will not prejudice the defendant, upon a showing of "extraordinary circumstances for [her] failure to file notice of claim" within the 90–day period. § 59:8–9.

Here, Plaintiffs have neither pled nor shown compliance with the notice requirements of the NJTCA. Therefore, Plaintiffs' claims of defamation and civil conspiracy must be dismissed. See Velez v. City of Jersey City, 850 A.2d 1238, 1246 (N.J. 2004).

## **Conclusion**

For these reasons, the Defendants' motion will be granted in part and denied in part. An appropriate Order will be entered.

Dated: October 26, 2016          /s/ Joseph H. Rodriguez
                                                JOSEPH H. RODRIGUEZ
                                                           U.S.D.J.