UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTORIA MATOS and BRUCE BULLOCK, | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 15-cv-8140 |
| Plaintiffs, | : | |
| v. | : | OPINION |
| LAUREN LAIELLI, CHRISTOPHER DODSON, VICTOR E. GUADALUPE, PAULO PEREIRA, HARRY R. ALBERT, FRANK X. BALLES, ATLANTIC COUNTY SHERIFF'S OFFICE AND ATLANTIC COUNTY, | : | |
| | : | |
| Defendants. | | |

This matter is before the Court on motions of Defendants Atlantic County [52] and Lauren Laielli, Christopher Dodson, Victor E. Guadalupe, Paulo Pereira, Harry R. Albert, and Frank X. Balles [53] for summary judgment pursuant to Federal Rule of Civil Procedure 56. Oral argument was heard on the record on March 5, 2018. For the reasons placed on the record that day, as well as those stated here, the motion of Atlantic County will be granted and the individual defendants' motion will be denied.

## **Background**

Plaintiffs, Victoria Matos and Bruce Bullock, were employed by the New Jersey Department of Children and Families as Family Service Specialists. Plaintiffs allege that they were wrongfully arrested and

1

prosecuted in connection with their November 6, 2014 work assignment of escorting a juvenile to a court hearing in the Atlantic County Courthouse.

Plaintiffs allege that upon entering the courthouse, the juvenile was confronted by a sheriff's officer, but ignored a direction from one of the officers and proceeded to enter the elevator with Bullock. At that point, multiple sheriff's deputies entered the elevator, restrained, and allegedly assaulted the juvenile. Bullock witnessed the assault, but allegedly did not interfere in any way. As Matos approached the elevator, she was pushed out of the way by one of the sheriff's officers. After the juvenile was taken into custody by the sheriffs, Matos complained about the way she was treated and the way the juvenile had been treated.

When Bullock left the courthouse to go to his vehicle and retrieve paperwork, he was followed by several of the individual defendants and he used his phone to record their actions. This resulted in the sheriffs placing him in handcuffs and bringing him into the courthouse in their custody. Defendant Albert allegedly told Bullock that he would be released and no further action would be taken if he deleted the video that he had taken.

After the Defendants learned that Plaintiffs intended to file an internal affairs complaint against them, Plaintiffs allege that they collectively decided to file criminal charges against the Plaintiffs, knowing

that there was no basis for those charges. Plaintiffs were fired from their jobs based on the false allegations of the Defendants. The charges against them proceeded to trial in the Atlantic City Municipal Court, where they were acquitted of all charges.

Although he was not involved in the original encounter with Plaintiffs, Defendant Balles is alleged to have ratified and endorsed the arrest and prosecution of the Plaintiffs for the purpose of protecting the sheriff's officers from civil liability and other consequences of their misconduct. Further, Balles allegedly made it clear to the Plaintiffs' criminal attorneys that his office was prosecuting the Plaintiffs to protect the Atlantic County Sheriff's Office from criticism and civil liability, and that all charges could be dropped in exchange for an agreement protecting the sheriff and his officers.

## **Jurisdiction**

Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, as well as New Jersey state law. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## **Summary Judgment Standard**

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences

drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party

cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## Discussion

### 42 U.S.C. § 1983

Plaintiff's Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.

As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker, 443 U.S. at 145, n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

A similar analysis may be made regarding any claim under the New Jersey Civil Rights Act, as the two generally are interpreted in parallel. See

7

Ingram v. Twp. Of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012);

Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011).

**Municipal Liability**

A municipality is not liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984).

**False Arrest**

The Fourth Amendment prohibits seizures in the absence of probable cause. Orsatti v. New Jersey State Police, 71 F.3d. 480, 482 (3d Cir. 1995). Under the Fourth Amendment, a person is seized "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Michigan v. Chesternut, 486 U.S.

567, 574 (1988) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). Seizure occurs only when a person is detained by "means intentionally applied" to terminate his freedom of movement by means of physical force or by show of authority. Brower v. County of Inyo, 489 U.S. 593, 597-98 (1989). No seizure occurs when a reasonable person would feel free to "disregard the police and go about his business" or where "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." United States v. Kim, 27 F.3d 947, 951 (3d Cir. 1994) (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)). Thus, under the Fourth Amendment, a claim of false arrest requires a showing "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). Probable cause exists when there are "facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (internal citations omitted).

**Malicious Prosecution**

To establish malicious prosecution under § 1983, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding; (2) the plaintiff suffered a deprivation of liberty consistent with the concept of

seizure as a consequence of a legal proceeding; (3) the criminal prosecution resulted in plaintiff's favor; (4) the proceeding was initiated without probable cause; and (5) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014); DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005); Santiago v. City of Vineland, 107 F. Supp. 2d 512, 566 (D.N.J. 2000).

## **Discussion**

Here, given the disputed questions of fact related to probable cause and the serious questions of credibility surrounding the entire incident, summary judgment is denied as to the individual Defendants. However, there is no record evidence of a policy, practice, or custom of Atlantic County that would have caused the alleged violation of Plaintiffs' rights. Accordingly, summary judgment will be granted in favor of Atlantic County.

## **Conclusion**

For these reasons, and those discussed during oral argument, the motion for summary judgment by Defendant Atlantic County [52] will be granted but the motion for summary judgment by Defendants Lauren Laielli, Christopher Dodson, Victor E. Guadalupe, Paulo Pereira, Harry R. Albert, and Frank X. Balles [53] will be denied. An appropriate Order will be entered.

Dated: March 6, 2018                  /s/ Joseph H. Rodriguez
                                               JOSEPH H. RODRIGUEZ
                                               U.S.D.J.